1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

| | |
|---|---|
| HOMESITE INSURANCE COMPANY, a Wisconsin corporation,<br><br>                                  Plaintiff,<br><br>        v.<br><br>NATHAN FUSSELL, a Washington resident; AVERY FUSSELL, a Washington resident; and BRETT DERBY, a Washington resident,<br><br>                                  Defendants. | CASE NO. 3:22-cv-05170-RJB<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

11

12

13

14

15

16

17

        This matter comes before the Court on Plaintiff's Motion for Summary Judgment.  Dkt.

18

7.  The Court has considered the pleadings filed in support of the motion and the remaining file.

19

Defendants did not file a response in opposition to the motion, and the motion is now ripe for

20

consideration.

21

        This is an insurance coverage dispute brought by Homesite Insurance Company

22

("Homesite") against its insured, Nathan and Avery Fussell, arising out of an alleged incident

23

24

between Avery Fussell and Brett Derby.  Plaintiff's motion should be granted for the reasons set forth in this order.

<strong>I.   <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u></strong>

**A.  FACTS**

Homesite issued Defendant Nathan Fussell a homeowner's insurance policy, no. 36594357, with a policy period of October 31, 2020, through October 31, 2021 (the "Policy"). Dkt. 1.  The Policy provides personal liability coverage for real property located at 15814 NE Caples Rd., Bush Prairie, WA 98606, including medical payments to others.  *Id.*; Dkt. 1-3.  The Policy excludes "Motor Vehicle Liability," "Expected or Intended Injury," "Criminal Acts," and "Intentional and Malicious Acts."  *Id.*

According to the complaint in the pending matter ("Complaint"), Avery Fussell, Nathan Fussell's son, notified Homesite of a personal liability lawsuit brought against him ("Underlying Lawsuit") on or about December 21, 2021.  *Id.* at 8.  On or about March 8, 2022, Homesite agreed to defend him in that lawsuit subject to a reservation of rights.  *Id.*  The Underlying Lawsuit relates to an alleged incident ("Incident") between Avery Fussell and Brett Derby on or about June 25, 2021.  *Id.*; Dkt. 1-2.  In it, Mr. Derby alleges that Avery Fussell struck him with his car while Mr. Derby was a pedestrian on NE Caples Rd., just east of SR 503, in Clark County, Washington. *Id.*

According to Homesite, the police were called to the scene of the Incident shortly after it happened.  Dkt. 1 at 3.  The police report states Avery Fussell and Mr. Derby were both in vehicles stopped at a traffic light near an intersection.  Dkt. 8-1.  Both then exited their vehicles and engaged in a physical altercation.  *Id.*  Avery Fussell entered his vehicle when the light turned green, at which point Mr. Derby struck his hand on Mr. Fussell's 2016 Ford Focus, and

then, instead of driving away, Mr. Fussell backed his vehicle into Mr. Derby, who was still standing outside of his car. *Id.* "Upon information and belief, Avery Fussell was charged with felony second degree assault as a result of the Incident." *Id.*

None of the three defendants in this matter filed a notice of appearance. All three, however, appear to have been served with a summons and copy of the complaint. Dkts. 4, 5, 6.

**B. PENDING MOTION**

In the pending motion, Homesite seeks a declaration that it has no duty to defend and/or indemnify Avery Fussell in the Underlying Lawsuit based on the Policy's "motor vehicle" and "intentional or expected injury" exclusions. Dkt. 7.

**II.    DISCUSSION**

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve

the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986);

*T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court

must consider the substantive evidentiary burden that the nonmoving party must meet at trial,

which is a preponderance of the evidence in most civil cases.  *Anderson,* 477 U.S. at 254; *T.W.*

*Elect.,* 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the

nonmoving party only when the facts specifically attested by that party contradict facts

specifically attested by the moving party.  The nonmoving party may not merely state that it will

discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

to support the claim.  *T.W. Elect.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at

255).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts"

will not be "presumed."  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

**B. Duty to Defend and/or Indemnify**

Under Washington law, "[i]ntrepretation of an insurance policy is a question of law[.]"

*Hall v. State Farm Mut. Auto Ins. Co.*, 133 Wn. App. 394, 399 (2006).  Insurance policies are

contracts, so, like contracts, courts "consider the policy as a whole and give it a 'fair, reasonable,

and sensible construction as would be given to the contract by the average person purchasing

insurance.'"  *Id.* (quoting *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171 (2005)).

"If the language is clear and unambiguous, [courts] must enforce it as written[.]"  *Id.*  A policy is

ambiguous if it is fairly susceptible to two or more reasonable interpretations.  *Id.*  If ambiguous,

courts look to extrinsic evidence to determine the parties' intent, and ambiguity should always be

construed "against the insurer and in favor of the insured."  *Id.*

1    Insurance companies have a duty to indemnify, meaning to provide coverage, for *actual*

2    *liability* provided for by the policy at issue.  *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52–

3    53 (2007).  The duty to defend is broader.  *Id.*  It arises "when a complaint against the insured,

4    construed liberally, alleges facts which could, if proven, impose liability upon the insured within

5    the policy's coverage."  *Id.* (internal quotation omitted).

6    The Court has no reason to question Homesite's allegations.  Based on those allegations,

7    the Incident involved Avery Fussell's operation of his father's motor vehicle and/or intentional

8    acts, both of which are excluded under the Policy.  No set of facts alleged in the Underlying

9    Lawsuit, if proven, appear to impose liability covered by the Policy even when construed

10   liberally in the Fussells' favor.  Therefore, Homesite does not have a duty either to indemnify or

11   defend Avery Fussell.

## III.   ORDER

13   Therefore, it is hereby **ORDERED** that:

14   - Plaintiff Homesite Insurance Company's Motion for Summary Judgment (Dkt.

15     7) **IS GRANTED**;

16   - Plaintiff owes no duty to provide insurance coverage or defense to any

17     defendant herein;

18   - This case **IS CLOSED**.

19   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

20   to any party appearing pro se at said party's last known address.

21   Dated this 23rd day of May, 2022.

22

23

        ROBERT J. BRYAN
        United States District Judge